UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS P. MORRIS,<br><br>             Petitioner,<br><br>       v.<br><br>ANTHONY HEDGPETH, Warden,<br><br>             Respondent. | NO. EDCV 09-00664 VAP (SS)<br><br>**ORDER ADOPTING FINDINGS,**<br><br>**CONCLUSIONS AND RECOMMENDATIONS OF**<br><br>**UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition, all the records and files herein, the Report and Recommendation of the United States Magistrate Judge (the "R&R"), and Petitioner's late Objections (the "Objections").[1] After having made a _de novo_ determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and adopts the findings and conclusions of the Magistrate Judge.

\\

\\

---

[1] Petitioner's counsel was required to file Objections by August 9, 2011, but did not do so until August 12, 2011.

Petitioner's Objections raise several arguments and factual allegations for the first time. Because these arguments and factual allegations do not depend on newly discovered evidence or new precedent, Petitioner's counsel could have raised them in the First Amended Petition. Accordingly, the Court could exercise its discretion to decline to consider Petitioner's new arguments or evidence. See, e.g., United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000). The Court, however, exercises its discretion to consider these arguments. After full consideration of the Objections, the Court finds that none of the arguments or factual allegations entitle Petitioner to habeas relief.

First, with regard to Ground One, Petitioner contends that the trial court's exclusion of "additional evidence about his persistent delusions" violated his right to present a defense because it prevented Petitioner from "present[ing] the evidence as a coherent and complete theory of Petitioner's mental illness." (Objections at 15-16). As explained in the Report, however, the jury heard ample evidence that Petitioner experienced persecutory delusions both before and after he committed the charged offenses. (R&R at 45-48). Petitioner's Objections fail to demonstrate that additional evidence of his delusions would have altered the jury's verdict.

Second, with regard to Grounds Two and Five, Petitioner contends that the trial court's exclusion of additional evidence of his mental illness prevented him from presenting a "complete and coherent defense." (Objections at 19; see id. at 35-36). Again, Petitioner has not demonstrated how any of the described evidence could have altered the jury's verdict. The Report details the significant evidence presented

to the jury concerning Petitioner's mental condition. (R&R at 35-44). The jury was well aware that Petitioner suffered from mental illness for many years, both before and after his arrest. The jury heard that Petitioner had been found to be incompetent to stand trial after he was arrested and that he was admitted to Patton State Hospital to regain competency, a process that took over three years. (Reporter's Transcript ("RT") at 434, 469-75, 523-59). However, the jury also heard evidence that Petitioner's mental symptoms may have been substance-induced, exaggerated, or falsified. (See, e.g., RT 402, 423, 436-42, 444, 451, 467-68, 570, 625).

Moreover, even if the jury heard additional evidence regarding Petitioner's mental illness and concluded that his psychiatric symptoms were genuine, the jury still could have concluded that Petitioner was capable of forming the requisite intent to sustain his convictions. (See RT 400) ("A person with schizo-affective disorder can understand reality on a lot of different levels and can still have delusions."). The jury could have inferred from Petitioner's behavior on the day of his arrest that he had the capacity to form the requisite mental states and was conscious of his guilt. (See R&R at 29-31). In sum, the jury heard considerable evidence both supporting and discrediting Petitioner's theory that his mental illness rendered him incapable of forming the requisite intent for his crimes. Merely presenting additional evidence of his past psychiatric problems would have been unlikely to alter the jury's overall evaluation of Petitioner's capacity to form the requisite mental states. Thus, Petitioner has not demonstrated that any of the excluded evidence would have altered the jury's verdict.

Third, Petitioner contends that he is entitled to relief because the evidence of his mental state "was not presented in the complete and coherent way in which Petitioner desired to present it." (Objections at 21). However, criminal defendants do not have an absolute right to present their evidence in the manner they desire to present it. Instead, "[s]tate and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials." Holmes v. South Carolina, 547 U.S. 319, 324, 126 S. Ct. 1727, 164 L. Ed. 2d 503 (2006) (internal quotation marks omitted); see also Moses v. Payne, 555 F.3d 742, 757 (9th Cir. 2009) ("[A] defendant's right to present relevant evidence is not unlimited, but rather is subject to reasonable restrictions, such as evidentiary and procedural rules." (internal quotation marks, brackets and citation omitted)). The trial court's exclusion of additional evidence of Petitioner's mental illness because it was cumulative and time-consuming was permissible under this clearly established federal law, and, as explained above, did not have a substantial and injurious effect or influence in determining the jury's verdict.

Fourth, Petitioner contends that if the trial court had allowed him to present additional evidence of his mental illness, the court would have likely found him incompetent to stand trial. (Objections at 17, 22). As an initial matter, Petitioner did not raise this argument in the First Amended Petition or before the California Supreme Court. (See First Amended Petition at 3, 5-6; Lodgment 7, Petition for Review to the California Supreme Court). Thus, this claim is both unexhausted and untimely. (See R&R at 15 n.3). In any event, Petitioner's contention

lacks merit. Petitioner was found incompetent to stand trial after his arrest and admitted to Patton State Hospital to regain trial competency. (RT 434, 469-75, 523-59). After approximately three years of treatment, Petitioner was determined to have regained trial competency. (RT 434). Petitioner has failed to show that any of the excluded evidence, which either concerned the specific content of his delusions or predated his arrest, (RT 398, 419, 432-33, 471, 544-45, 594-95), would have caused the trial court to question Petitioner's competency at trial.

Fifth, with regard to Ground Three, Petitioner contends that the Report failed to address all the incidents in which the prosecutor "elicited inadmissible hearsay" from witnesses. (Objections at 26). Petitioner cites the prosecutor's questions referring to Petitioner's grandmother's statements to police that Petitioner possessed a loaded shotgun on June 14, 1997. (Objections at 26-28). However, Petitioner did not raise these alleged instances of misconduct in the First Amended Petition, which specifically referred only to "hearsay such as methamphetamine abuse, and . . . Petitioner engaging in oral sex," (First Amended Petition at 6), both of which the Report addressed. (R&R at 56-62). Regardless, Petitioner has made no showing that the prosecutor's conduct, even if it was improper, "so infected the trial with unfairness as to make the resulting conviction a denial of due process." See Darden v. Wainwright, 477 U.S. 168, 181, 106 S. Ct. 2464, 91 L. Ed. 2d 144 (1986) (citation omitted). The fact that Petitioner may have possessed a loaded shotgun on one occasion in 1997 was an issue of minimal relevance to Petitioner's guilt for committing crimes that did not involve a firearm in 1998. Moreover, the jury heard that a psychiatrist evaluated Petitioner the same day he possessed the shotgun

and believed he was "delusionally paranoid" and likely suffered from bipolar disorder, (RT 418-19), undermining Petitioner's theory that evidence of his "possession of a loaded shotgun . . . portray[ed] Petitioner as a dangerous criminal under the influence of methamphetamine rather than a mentally disturbed individual in need of treatment." (Objections at 27-28). Accordingly, Petitioner was not prejudiced by the prosecutor's conduct or the allegedly improper testimony.

Finally, with regard to Ground Four, Petitioner contends that there was insufficient evidence to support his conviction for felony murder because "[t]he arson and traffic collision were separated both temporally and physically." (Objections at 30). Petitioner argues that the evidence presented at trial fails to satisfy the standard enunciated in <u>Jackson v. Virginia</u>, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). (Objections at 30). Under AEDPA, however, the relevant question is not whether the evidence satisfies the <u>Jackson</u> standard, but whether the state court's application of the <u>Jackson</u> standard was objectively unreasonable, a substantially higher threshold. See <u>Juan H. v. Allen</u>, 408 F.3d 1262, 1275 (9th Cir. 2005) (as amended). Petitioner has not demonstrated that the state court's application of the <u>Jackson</u> standard was objectively unreasonable. Petitioner caused a fatal collision by running a red light less than ten minutes after he drove quickly and erratically from the site of the arson, and he referenced the fire at the scene of the collision. (RT 38-39, 62, 72-73, 83-89, 92, 220, 251, 354-59). Given this evidence, a rational juror could have concluded "beyond a reasonable doubt that the felony and murder[s] were part of one continuous transaction" because Petitioner

1  was fleeing the scene of the arson when he crashed into the victims'
2  vehicle. See People v. Young, 34 Cal. 4th 1149, 1175, 24 Cal. Rptr. 3d
3  112 (2005) (noting that "a strict causal or temporal relationship
4  between the felony and the murder is not required"); People v. Jones,
5  25 Cal. 4th 98, 109, 104 Cal. Rptr. 2d 753 (2001) ("[A] murder may be
6  determined to have been committed in the perpetration of a felony if it
7  occurred after the felony, e.g., during the attempt to escape . . . .").
8  Petitioner's statement that he was being chased, whether by devil
9  worshippers or otherwise, (Objections at 32-33), does not undermine the
10 state court's reasoning. Based on the evidence discussed above, a
11 rational juror could have concluded beyond a reasonable doubt that
12 Petitioner committed the murders while fleeing the scene of the arson
13 whether or not Petitioner subjectively believed he was being chased by
14 devil worshippers.

16    In sum, Petitioner's Objections do not alter the Court's decision
17 to adopt the findings and conclusions of the Magistrate Judge.
18 Petitioner is not entitled to federal habeas relief.
19 \\
20 \\
21 \\
22 \\
23 \\
24 \\
25 \\
26 \\
27 \\
28

**IT IS ORDERED** that the First Amended Petition is denied and Judgment shall be entered dismissing this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order and the Judgment herein on counsel for Petitioner and counsel for Respondent.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: Aug 30 2011

_____
VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE